

# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF VIRGINIA
### Richmond Division

TORRY T. LEWIS,                          )
                                         )
      Petitioner,                     )
                                         )
v.                                       )    Civil Action No.  3:14CV478–HEH
                                         )
UNITED STATES OF AMERICA,                )
*et al.*,                                )
                                         )
      Respondents.                    )

## MEMORANDUM OPINION
### (Dismissing 28 U.S.C. § 2241 for Want of Jurisdiction)

Torry T. Lewis, a federal inmate proceeding *pro se*, submitted a 28 U.S.C. § 2241[1]

petition ("2241 Petition," ECF No. 5).[2] Lewis has paid the filing fee and has returned the

standardized forms for filing a 28 U.S.C. § 2241 petition.  Accordingly, the action will be

filed.  This Court convicted Lewis of conspiracy to distribute and possess with intent to

distribute five kilograms or more of cocaine and sentenced Lewis to 288 months of

---

[1] That statute provides, in pertinent part:

> (c) The writ of habeas corpus shall not extend to a prisoner unless—
> **(1)** He is in custody under or by color of the authority of the United States or is committed for trial before some court thereof; or
> **(2)** He is in custody for an act done or omitted in pursuance of an Act of Congress, or an order, process, judgment or decree of a court or judge of the United States; or
> **(3)** He is in custody in violation of the Constitution or laws or treaties of the United States . . . .

28 U.S.C. § 2241(c)(1)-(3).

[2] The Court notes that Lewis is currently incarcerated in the Bureau of Prisons' facility in Fort Dix, New Jersey, therefore, the § 2241 petition should have been filed in the New Jersey federal court.  Nevertheless, because Lewis's petition is readily dismissed for want of jurisdiction, the interests of judicial economy warrant resolving the action at this juncture without a transfer.

imprisonment.  In his § 2241 Petition, Lewis challenges the sentence imposed by this

Court.  Lewis raises the following claim:

> Claim One:   Lewis "was misclassified as a career offender . . ." (§ 2241 Pet. 7–8)
> because he only had one consolidated New Jersey state felony
> sentence not two (*see* Mem. Supp. § 2241 Pet. 5–7, ECF No. 2).[3]

For the reasons stated below, the action will be dismissed for want of jurisdiction.

### A.   Motions under 28 U.S.C. § 2255 Compared to Petitions under 28 U.S.C. § 2241

A motion pursuant to 28 U.S.C. § 2255 provides the primary means of collateral

attack on the imposition of a federal conviction and sentence and must be filed with the

sentencing court. *See Pack v. Yusuff*, 218 F.3d 448, 451 (5th Cir. 2000) (quoting *Cox v.

Warden, Fed. Det. Ctr.*, 911 F.2d 1111, 1113 (5th Cir. 1990)).  The Antiterrorism and

Effective Death Penalty Act of 1996 (AEDPA) restricted the jurisdiction of the district

courts to hear second or successive applications for federal habeas corpus relief by

prisoners attacking the validity of their convictions and sentences by establishing a

"'gatekeeping' mechanism." *Felker v. Turpin*, 518 U.S. 651, 657 (1996).  Specifically,

"[b]efore a second or successive application permitted by this section is filed in the

---

[3] In his earlier 28 U.S.C. § 2255 motion, Lewis raised a similar challenge to his criminal history
calculation as a claim of ineffective assistance of counsel.  As in the instant petition, Lewis
argued that because the state court announced one sentence for two different offenses, the two
offenses could only count as one offense for his criminal history calculation. *United States v.
Lewis*, No 3:07CR310–HEH, 2011 WL 5325660, at *6 (E.D. Va. Nov. 3, 2011).  The Court
dismissed the claim, finding no error in his criminal history calculation that counted the two state
offenses separately because the offenses were separated by an intervening arrest. *Id.*

district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application." 28 U.S.C. § 2244(b)(3)(A).[4]

A federal inmate may not proceed under 28 U.S.C. § 2241 unless he or she demonstrates that the remedy afforded by 28 U.S.C. § 2255 "is inadequate or ineffective to test the legality of his detention." 28 U.S.C. § 2255(e).[5] For example, "attacks on the execution of a sentence are properly raised in a § 2241 petition." *In re Vial*, 115 F.3d 1192, 1194 n.5 (4th Cir. 1997) (citing *Bradshaw v. Story*, 86 F.3d 164, 166 (10th Cir. 1996); *Hanahan v. Luther*, 693 F.2d 629, 632 n.1 (7th Cir. 1982)). Nevertheless, the Fourth Circuit has emphasized that "the remedy afforded by § 2255 is not rendered inadequate or ineffective merely because an individual has been unable to obtain relief under that provision or because an individual is procedurally barred from filing a § 2255 motion." *Id.* (internal citations omitted).

The Fourth Circuit has stressed that an inmate may proceed under § 2241 to challenge his conviction "in only very limited circumstances." *United States v. Poole*,

---

[4] An inmate may not file a second or successive § 2255 motion, unless a panel of the appropriate Court of Appeals certifies that the motion contains:

> (1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or
> (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.

28 U.S.C. § 2255(h).

[5] "This 'inadequate and ineffective' exception is known as the 'savings clause' to [the] limitations imposed by § 2255." *Wilson v. Wilson*, No. 1:11cv645 (TSE/TCB), 2012 WL 1245671, at *3 (E.D. Va. Apr. 12, 2012) (quoting *In re Jones*, 226 F.3d 328, 333 (4th Cir. 2000)).

531 F.3d 263, 269 (4th Cir. 2008) (citation omitted) (internal quotation marks omitted).

The "controlling test," *id.*, in the Fourth Circuit is as follows:

> [Section] 2255 is inadequate and ineffective to test the legality of a conviction when: (1) at the time of conviction, settled law of this circuit or the Supreme Court established the legality of the conviction; (2) subsequent to the prisoner's direct appeal and first § 2255 motion, the substantive law changed such that the conduct of which the prisoner *was convicted is deemed not to be criminal*; and (3) the prisoner cannot satisfy the gatekeeping provisions of § 2255 because the new rule is not one of constitutional law.

*In re Jones*, 226 F.3d 328, 333–34 (4th Cir. 2000) (emphasis added).  The Fourth Circuit

formulated this test to provide a remedy for the "fundamental defect presented by a

situation in which *an individual is incarcerated for conduct that is not criminal* but,

through no fault of his [or her] own, [he or she] has no source of redress." *Id.* at 333 n.3

(emphasis added).

**B.    Analysis of Lewis's 28 U.S.C. § 2241 Petition**

Lewis fails to satisfy the second prong of *In re Jones. See id.* at 334.  Specifically,

Lewis fails to demonstrate that "subsequent to [his] direct appeal and [his] first § 2255

motion, the substantive law changed such that the conduct of which [he] *was convicted is

deemed not to be criminal.*" *Id.* (emphasis added).  The conduct of which Lewis stands

convicted, conspiring to distribute and possess with intent to distribute cocaine base,

remains a crime.  Moreover, "Fourth Circuit precedent has . . . not extended the reach of

the savings clause to those petitioners challenging only their sentence." *Poole*, 531 F.3d

at 267 n.7 (citing *In re Jones*, 226 F.3d at 333–34); *Darden v. Stephens*, 426 F. App'x

173, 174 (4th Cir. 2011) (refusing to allow petitioner to utilize § 2241 to challenge his

4

designation as a career offender). Accordingly, the Court will dismiss Lewis's 28 U.S.C.

§ 2241 Petition for want of jurisdiction.

An appropriate Order will accompany this Memorandum Opinion.

/s/
HENRY E. HUDSON
UNITED STATES DISTRICT JUDGE

Date: Sept. 4, 2014
Richmond, Virginia

5